

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2009

# In Re: Atl Fin Fed

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1990

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Atl Fin Fed " (2009). *2009 Decisions.* Paper 1125.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1125

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1990
_____

In re: ATLANTIC FINANCIAL FEDERAL,

Alleged Debtor

MICHAEL R. SHEMONSKY,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-00392)
District Judge:  Honorable Malcolm Muir

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 11, 2009
Before: MCKEE, FISHER and CHAGARES, Circuit Judges

(Opinion filed: June 25, 2009)
_____

OPINION
_____

PER CURIAM

Michael R. Shemonsky, representing himself as an "alter ego" of Atlantic

Financial Federal ("AFF"), a failed savings and loan, initiated an involuntary bankruptcy

filing for AFF.  The Federal Deposit Insurance Corporation ("FDIC"), the successor in

interest to AFF's receiver, filed a motion to dismiss the bankruptcy suit. After a hearing, the Bankruptcy Court granted the motion and dismissed the bankruptcy case. On December 19, 2008, Shemonsky filed a motion to reconsider the dismissal, which the Bankruptcy Court denied on January 21, 2009. Shemonsky filed a notice of appeal in which he designated the order of January 21, 2009.

In the District Court, Shemonsky filed a brief. Although he briefly described a few of his motions in the Bankruptcy Court (including his efforts to get a loan for twenty-five billion dollars), he focused on one issue – whether the Bankruptcy Court should have construed his motion for reconsideration as a motion to reopen under Rule 60 of the Federal Rules of Civil Procedure. Shemonsky claimed that the Bankruptcy Court's order denying reconsideration was illegal because the Bankruptcy Court did not docket his motion until January 21, 2009. He argued that because of when his motion was docketed, it should have been docketed and construed as a motion to reopen.

Noting Shemonsky's extensive litigation history, the District Court considered only the issue raised in his brief. The District Court explained that Shemonsky misunderstood when his motion for reconsideration was docketed, noting that it was docketed as filed on December 19, 2008. After the motion was docketed, the Bankruptcy Court ruled on it on January 21, 2009. The District Court also reviewed the entire Bankruptcy Court docket and came to the conclusion that the Bankruptcy Court properly considered the Shemonsky's motion styled as a motion for reconsideration as a motion for

2

reconsideration. The District Court denied the appeal and affirmed the Bankruptcy Court's ruling of January 21, 2009.

Shemonsky appeals. He has filed a document in support of his appeal in which he notes merely that he previously sued the Third Circuit Court of Appeals. He also presents three motions – a motion to consolidate this case with another of his appeals, docketed at C.A. No. 09-1301, a motion for the "FDIC to Produce the 10K for Year Ended 9-30-89," and a motion to "disbar and enjoin" counsel for the FDIC. The FDIC opposes the latter two motions. In presenting reasons why the FDIC should not be ordered to produce "the 10K for Year Ended 9-30-1989," the FDIC contends that the District Court properly affirmed the Bankruptcy Court. The FDIC also argues, among other things, that Shemonsky has not been found to be AFF's "alter ego," that he has been enjoined from representing himself as an officer, director, employee, or agent of AFF, and also that the FDIC, as the successor in interest to AFF's receiver, could not be ordered to create a 10-K report under the Financial Institutions Reform Recovery and Enforcement Act of 1989, see 12 U.S.C. § 1821(j).

The District Court had jurisdiction to review the Bankruptcy Court's order pursuant to 28 U.S.C. § 158(a), and we have jurisdiction to review the District Court's order under 28 U.S.C. §§ 158(d) & 1291. Our review of the District Court's determination is plenary. See Kool, Mann, Coffee & Co. v. Coffey, 300 F.3d 340, 353 (3d Cir. 2002). Upon review, and in complete agreement with the District Court's

3

analysis, we conclude that Shemonsky's appeal must be dismissed because it has no arguable basis in fact or law.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  In short, as the District Court concluded, the Bankruptcy Court properly treated Shemonsky's motion as a motion for reconsideration.  Shemonsky's pending motions are denied.